UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER,<br><br>   Plaintiff,<br><br> v.<br><br>FLORES, et al.<br><br>   Defendants. | Case No. 1:17-cv-01309-DAD-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO CORRECT SPELLING OF DEFENDANT FLORES' NAME<br><br>FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 28, 29, 32)<br><br>**THIRTY (30) DAY DEADLINE** |

  Plaintiff Gerald Lee Miller is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's motion for summary judgment, filed on June 29, 2019, Defendants Flores'[1], Marquez's, and Xayoudom's cross-motion for summary judgment, filed on August 21, 2019, and Plaintiff's second motion for summary judgment, filed on September 3, 2019. (ECF Nos. 28, 29, 32.)

///

///

---

[1] Plaintiff identified the defendant as "Florse" and the Court's docket reflects that spelling. However, papers filed by Defendant Flores states that his name is correctly spelled "Flores." The docket will be updated accordingly.

# I.
# RELEVANT HISTORY

Plaintiff initiated this action by filing his original complaint on October 2, 2017. (ECF No. 1.)

This action is currently proceeding on Plaintiff's second amended complaint against Defendants Flores, Marquez, and Xayoudom for retaliation in violation of the First Amendment. (ECF No. 21.)

On November 14, 2018, Defendants Flores, Marquez, and Xayoudom filed an answer to Plaintiff's second amended complaint. (ECF No. 25.)

On November 19, 2018, the Court issued the discovery and scheduling order. (ECF No. 26.)

On July 29, 2019, Plaintiff filed a motion for summary judgment. (ECF No. 28.)

On August 21, 2019, Defendants filed an opposition to Plaintiff's summary judgment motion, as well as their own motion for summary judgment. (ECF Nos. 29, 31.)

On September 3, 2019, Plaintiff filed a second motion for summary judgment. (ECF No. 32.) The Court notes that, other than the fact that the document filed on September 3, 2019 does not contain a page titled "Plaintiff's notice of motion for summary judgment" and a proof of service of that page, the summary judgment motion filed on September 3, 2019 is word-for-word identical to the summary judgment motion that Plaintiff filed on July 29, 2019.

Neither Plaintiff nor Defendants filed a reply to their respective motions for summary judgment within the allotted time. Accordingly, Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment are deemed submitted. Local Rule 230(l).

# II.
# LEGAL STANDARD

**A.  Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Id. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino,

3

747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  "The evidence must be viewed in the light most favorable to the nonmoving party."  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  However, the ultimate burden of proof on the issue of administrative exhaustion remains with the defendant.  Id.  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

### III.

### DISCUSSION

**A.    Summary of CDCR's Administrative Appeal Process**

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the

appeal, or issue a decision on the merits of the appeal within the applicable time limits.  Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e).  If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects.  Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1).  If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision.  Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

Since a "cancellation or rejection decision does not exhaust administrative remedies[,]" California's regulations provide that an inmate's administrative remedies are deemed exhausted when the inmate receives a decision on the merits of their appeal at the third level of review.  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3).  Further, California's regulations state that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the [inmate] that was not included in the originally submitted CDCR Form 602 … and addressed through all required levels of administrative review up to and including the third level."  Cal. Code Regs. tit. 15, § 3084.1(b).

### B. Summary of Relevant Factual Allegations of Plaintiff's Second Amended Complaint

The events in Plaintiff's second amended complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran.

Plaintiff alleges that administrative segregation has a custom and practice of throwing away inmate mail and he has been denied mail from his family and friends for six months in retaliation for filing a prior civil suit.  Around February 11, 2017, Plaintiff was moved to 4A-4L Administrative Segregation and was denied his personal mail for six months.  Prior to March 15, 2017, Correctional Officers Marquez and Flores stopped by Plaintiff's cell and told him that they knew who he was and that he liked to file inmate appeals, grievances and law suits and that inmates who filed appeals in administrative segregation do not get any mail.  On March 15, 2017, Plaintiff explained to Correctional Officer Marquez that the letters Plaintiff was putting in the mail were not being mailed because Plaintiff was no longer receiving mail from his children, family, or friends.  Plaintiff asked Correctional Officer Marquez about a February 12, 2017 letter

6

and a February 27, 2017 letter that Plaintiff had given to Correctional Officer Marquez to be mailed. Plaintiff had not received any response and it is not like Plaintiff's family not to write and respond to his letters as they send him money every month and he had not had the letters returned. Plaintiff told Correctional Officer Marquez that his mail was being withheld by Marquez and Plaintiff was going to file a grievance against him for withholding his mail. Correctional Officer Marquez told Plaintiff to go ahead because he still was not going to get any of his mail and walked off.

The next day, March 16, 2017, Plaintiff gave Correctional Officer Flores his mail to be sent out and informed Flores that he believed that Correctional Officer Marquez was withholding his mail. Correctional Officer Flores told Plaintiff that it was not his problem and walked away with Plaintiff's mail and an inmate request form about the mail.

Plaintiff filed an inmate appeal against Correctional Officers Flores and Marquez for withholding his mail. A few days later, Correctional Officer Flores came to Plaintiff's cell and removed all his inmate appeals forms with his name on them. Plaintiff alleges that, after this, Correctional Officer Flores started a retaliatory assault on Plaintiff whereby Correctional Officer Flores would beat on Plaintiff's cell door every thirty minutes to an hour with his security count stick. On shower days, Correctional Officer Flores would try to provoke Plaintiff to fight with him while escorting Plaintiff to the shower by pulling on him really hard.

Plaintiff started a mail log sheet because he was still being denied his mail. On April 18, 2017, Plaintiff gave Correctional Officer Xayoudom two letters to be mailed to his family and recorded them on his mail log. Plaintiff alleges that Correctional Officers Flores, Marquez, and Xayoudom never mailed any of his correspondence. After Plaintiff was moved from California State Prison, Corcoran, his family told him that all the mail they sent to him in prison was returned and they never received mail from him. Plaintiff contends that his family really needed his advice during this time because his daughter needed a liver transplant and was in a life and death situation.

On or around July 22, 2017, Correctional Officer Xayoudom told Plaintiff that it is an underground practice to send inmate mail to the institutional security unit to be read and

investigated and this correspondence is not mailed, but is kept and it could be institutional security who is not giving him his mail or mailing his correspondence to his family. Correctional Officer Xayoudom also told Plaintiff that he knew that Plaintiff filed a lot of inmate appeals and lawsuits and inmates who file appeals against staff in administrative segregation do not get their mail.

**C.     Undisputed Material Facts (UMF)[2]**

1. At all times relevant to this lawsuit, Plaintiff was an inmate housed at California State Prison, Corcoran ("COR") in Corcoran, California. (Plaintiff's Second Amended Complaint, ECF No. 15, at 4-5.[3])

2. At all times relevant to this lawsuit, Defendant Xayoudom was employed as a Correctional Officer at COR. (Declaration of C. Xayoudom, ECF No. 29-6, at ¶ 2.)

3. At all times relevant to this lawsuit, Defendant Marquez was employed as a Correctional Officer at COR. (Declaration of R. Marquez, ECF No. 29-5, at ¶¶ 1-2.)

4. At all times relevant to this lawsuit, Defendant Flores was employed as a Correctional Officer at COR. (Declaration of H. Flores, ECF No. 29-4, at ¶¶ 1-2.)

5. On April 30, 2017, Plaintiff filed administrative grievance log no. COR-17-02322, alleging that he gave Defendants Xayoudom, Flores, and Marquez personal mail and none of the mail was sent out. (Plaintiff's Motion for Summary Judgment, ECF No. 28, at 15-18; Declaration of J. Spaich, ECF No. 29-7, Exhibit A, at 6-9.)

6. As part of COR-17-02322, Plaintiff requested "to be allow to correspondence with family member freely." (Spaich Decl., ECF No. 29-7, Ex. A, at 6.)

---

[2] As addressed below, while Plaintiff's and Defendants' cross-motions for summary judgment each contend that the moving party is entitled to summary judgment on the merits of Plaintiff's retaliation claim, these motions are resolved by the undersigned's finding that Plaintiff failed to exhaust his administrative remedies before he filed suit, which is a ground for summary judgment raised only in Defendants' cross-motion for summary judgment. Therefore, the list of undisputed material facts only includes facts that are relevant to the issue of exhaustion of administrative remedies.

[3] All references to page numbers are to the page numbers in the Court's CM/ECF pagination headers.

8

| | | |
|---|---|---|
| 1 | 7. | On May 13, 2017, COR-17-02322 was partially granted at the first level of review, although Plaintiff's allegations of staff misconduct were denied. (Spaich Decl., Ex. A, at 10-11.) |
| 4 | 8. | On June 20, 2017, Plaintiff submitted COR-17-02322 for review at the second level of review, indicating his dissatisfaction with the first level response. (Spaich Decl., Ex. A, at 7, 9.) |
| 7 | 9. | On July 8, 2017, COR-17-02322 was granted at the second level of review, although Plaintiff's allegations of staff misconduct were denied. (Spaich Decl., Ex. A, at 12.) |
| 10 | 10. | On August 1, 2017, Plaintiff submitted COR-17-02322 for review at the third level of review, stating "I would like to complete the exhausting of my administrative remedies ……. THANK YOU[.]" (Spaich Decl., Ex. A, at 7.) |
| 13 | 11. | Plaintiff filed his original complaint in this case on September 27, 2017. (Complaint, ECF No. 1.) |
| 15 | 12. | On October 12, 2017, the third level of review denied COR-17-02322, exhausting Plaintiff's administrative remedies as to the claims raised in that appeal. (Plaintiff's Motion for Summary Judgment, ECF No. 28, at 20; Spaich Decl., ECF No. 29-7, at ¶ 5 & Exhibit A, at 5.) |
| 19 | 13. | Aside from COR-17-02322, Plaintiff has not submitted any other administrative grievances to the third level of review regarding his allegations in this lawsuit. (Spaich Decl., ¶¶ 5-6; Declaration of Lucas L. Hennes, ECF No. 29-8, at ¶ 2 & Exhibit A, at 9.) |

**D.     Analysis**

1.     <u>Exhaustion of Administrative Remedies</u>

Defendants Flores, Marquez, and Xayoudom move for summary judgment on the grounds that the undisputed facts demonstrate that Plaintiff failed to exhaust his available administrative remedies before bringing this suit. (ECF No. 29, at 1.)

///

9

In this case, the Court finds that Defendants have met their initial burden of proving that there was an available administrative remedy, but that Plaintiff did not exhaust that available administrative remedy in connection with his retaliation claim against Defendants before Plaintiff filed the instant action. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that "the PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending[]"); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). It is undisputed that, on April 30, 2017, Plaintiff filed an administrative appeal, log no. COR-17-02322, alleging that he gave Defendants personal mail, but that none of the mail was sent out. Further, it is undisputed that the third level of review denied Plaintiff's administrative appeal, log no. COR-17-02322, on October 12, 2017, approximately two weeks after Plaintiff filed his original complaint in this action on September 27, 2017. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (stating that, generally, all inmate appeals are subject to a third level of review, and that a decision on the merits of an inmate appeal at the third level of review exhausts an inmate's administrative remedies as to the issues raised in that appeal). Finally, it is undisputed that Plaintiff's administrative appeal, log no. COR-17-02322, is the only administrative grievance regarding Plaintiff's allegations in this lawsuit that Plaintiff has submitted to the third level of review.

Therefore, the burden shifts to Plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. In this case, Plaintiff has not produced any evidence demonstrating that something in his particular case made the existing administrative remedies effectively unavailable to him at the time that he filed his original complaint. Andres v. Marshall, 867 F.3d 1076, 1079 (stating that exhaustion is measured "at the time the action is filed"). Consequently, the Court finds that Plaintiff has failed to carry his burden of producing any evidence showing that something in his specific case made the generally available administrative remedies effectively unavailable to him.

///

As a result, Defendants have carried their ultimate burden of proving that Plaintiff failed to exhaust his available administrative remedies with regard to his retaliation claim against Defendants before he filed this action. Albino, 747 F.3d at 1166, 1172; Rhodes, 621 F.3d at 1005. Accordingly, Defendants' motion for summary judgment on the issue of exhaustion must be granted and the instant action must be dismissed without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), overruled on other grounds by Albino, 747 F.3d 1162.

### 2. Plaintiff's Retaliation Claim

In his summary judgment motion, Plaintiff asserts that the Court should grant him judgment as a matter of law on his retaliation claim against Defendants Flores, Marquez, and Xayoudom. (ECF Nos. 28, 32.) Additionally, in Defendants' summary judgment motion, Defendants also argue that they are entitled to summary judgment on the grounds that the undisputed facts demonstrate that Plaintiff cannot show that any of the Defendants personally violated any of Plaintiff's constitutional rights. (ECF No. 29, at 1.)

In his second amended complaint, Plaintiff alleges that Defendants Flores, Marquez, and Xayoudom retaliated against Plaintiff for previously filing inmate grievances/appeals and lawsuits by withholding his mail and failing to mail Plaintiff's letters to his family. Additionally, Plaintiff alleges that, after he filed an inmate grievance against Defendants Flores and Marquez for withholding his mail, Defendant Flores retaliated against Plaintiff by beating on Plaintiff's cell door every thirty minutes to an hour with his security count stick and, on shower days, Defendant Flores would try to provoke Plaintiff to fight with him by pulling on Plaintiff really hard. However, since the Court has previously determined that this action must be dismissed without prejudice because the undisputed facts establish that Plaintiff did not exhaust his available administrative remedies before he filed this action, Plaintiff's motion for summary judgment and Defendants' motion for summary judgment on the merits of Plaintiff's retaliation claim are both moot. See Booth v. Churner, 532 U.S. 731, 738 (2001) ("The available remedy must be exhausted before a complaint under § 1983 may be entertained." (internal quotation

marks removed)); McKinney, 311 F.3d at 1199 (holding that "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation").

## IV.
## ORDER AND RECOMMENDATIONS

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to correct the spelling of Defendant Flores' name on the court docket by substituting "Flores" for "Florse."

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions for summary judgment, (ECF Nos. 28, 32), be DENIED as moot;

2. Defendants Flores', Marquez's, and Xayoudom's cross-motion for summary judgment, (ECF No. 29), be granted in part and denied as moot in part as follows:

    a. Summary judgment be granted in favor of Defendants Flores, Marquez, and Xayoudom on the issue of exhaustion of administrative remedies;

    b. Summary judgment be denied as moot as to Defendants Flores, Marquez, and Xayoudom on the issue of the merits of Plaintiff's retaliation claim; and

3. The instant action be dismissed without prejudice due to Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 13, 2019**

_____
UNITED STATES MAGISTRATE JUDGE