UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLORES, et al.,<br><br>　　　　Defendant. | No. 1:17-cv-01309-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION FOR FAILURE TO EXHAUST<br><br>(Doc. No. 36) |

Plaintiff Gerald Lee Miller is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 13, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motions for summary judgment (Doc. Nos. 28, 32) be denied as moot and that defendants' cross-motion for summary judgment (Doc. No. 29) be granted in part. (Doc. No. 36.) Specifically, the findings and recommendations recommended that defendants' cross-motion for summary judgment be granted in favor of defendants on the issue of whether plaintiff exhausted his administrative remedies prior to filing suit, and be denied

1

as moot with respect to plaintiff's retaliation claim against defendants Flores, Marquez, and Xayoudom. (*Id.* at 12.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.* at 12-13.) On December 30, 2019, plaintiff filed objections. (Doc. No. 37.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff contends that the magistrate judge is biased against him because he did not consent to the magistrate judge's jurisdiction. (*Id.* at 4.) Plaintiff also contends that defendants waived the exhaustion of administrative remedies issue because they did not "comply with this court['s] discovery and scheduling order." (*Id.* at 5.) The court does not find plaintiff's conclusory objection that the assigned magistrate judge is somehow biased against him to be in any way persuasive. Moreover, defendants raised the issue of plaintiff's failure to exhaust his administrative remedies in their answer and did not waive it. (*See* Doc. No. 25 at 3.) Finally, plaintiff's objections do not meaningfully dispute the magistrate judge's finding that the undisputed evidence before the court on summary judgment establishes that plaintiff commenced this suit prior to exhausting the administrative remedies that were available to him. (*See* Doc. No. 36 at 8–11); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court.").

Accordingly,

1. The December 13, 2019 findings and recommendations (Doc. No. 36) are adopted in full;

2. Defendants' cross-motion for summary judgment (Doc. No. 29) is granted in part and denied as moot in part as follows:

/////

/////

        a. Summary judgment is granted in favor of defendants on the issue of plaintiff's failure to exhaust available administrative remedies prior to filing suit;

        b. Summary judgment is denied in all other respects;

3. Plaintiff's motions for summary judgment (Doc. Nos. 28, 32) are denied as moot;

4. This case is dismissed without prejudice; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 12, 2020**

                                                                                               UNITED STATES DISTRICT JUDGE